Howell, J.
This suit is brought against the endorser on the following note:
“$2,000. Richmond, Va., 23d February, 1862.
In all March next (1863) we or either of us promise to pay in solido to the order of Duncan F. Kenner, at the office of the recorder of the parish of Ascension, La., two thousand dollars, for value received.
(Signed) L. D. Nichols.
(Endorsed) Pay Mes. H. B. Harp, or order.
(Signed) Duncan F. Kenner.”
Plaintiff alleges that at the maturity of said note the maker was dead and unrepresented; the holder was within the military lines of the United States forces, and the endorser, Kenner, was in Richmond, Va., within the lines of the Confederate forces, and, consequently, demand could not be made nor notice given to the endorser; that at the close of the war the endorser was in foreign countries, but as soon as plaintiff was apprised of his return, and as soon as demand could be made of the legal representative of the maker, she gave notice of demand and non-payment to, demanded payment of him.
The defendant, besides the general issue, sets up special defenses, that no consideration passed between him and the maker or holder; that the obligation is inchoate, the plaintiff having taken the note from said Nichols with the knowledge that the endorsement would be void, if the note was not signed by another solidary obligor with said Nichols; that said note has not been duly presented for payment, protested for nonpayment, nor notice thereof given to defendant as required by law.
It is shown that Nichols died in-1862 ; that his widow obtained letters *64 of tutorship in the parish of Ascension, on 31st July, 1865, and the first session of Court held in that parish in the same month ; that the recorder’s office in said parish, where the note falling due on 1st April, 1863, was made payable, was burned in October, 1862, and reopened on 29th March, 1865 ; that plaintiff, in 1863, resided in Ascension; that Kenner, during the war, was a representative in the rebel Congress, went to Europe at the close of the war, and was seen in New Orleans in October, 1865; that demand of payment was made of the representative of Nichols’s estate, in the latter part of January or first of February, 1866, and notice thereof given to, and payment demanded of, Kenner within two weeks thereafter. The estate of Nichols is admitted to be insolvent.
From these facts it is evident that a demand might have been made at the recorder’s office, where the note was payable, as early as March or April, 1865, and of Mrs. Nichols, tutrix, in August of that year, and in the year 1863, as widow, and notice could have been given to Kenner in October or November, 1865. Neither was done until the end of January, and in February, 1866, The facts do not, in our opinion, excuse the delay in making a demand and giving notice. It was incumbent on plaintiff, even under her own allegations, to show the impossibility of complying with those requisites at an earlier date than she did, which she has failed to do.
Judgment affirmed, with costs.